# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

MICHEAL CURRY                      PLAINTIFF

v.                      CIVIL ACTION NO. 4:19-CV-P52-JHM

DAVIESS COUNTY JAIL *et al.*                      DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Micheal Curry leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Daviess County Jail (DCJ). He sues the DCJ and "Jailer Maglinger" in his official capacity only.

Plaintiff states as follows:

> I'm writing this claim against Daviess County Jail because of inhuman treatment for denying me my medication which was prescribed by a previous doctor.
>
> Also for not allowing me to progress as a human and stunting my chance of being with my family by not allowing me to work and get work credit.
>
> Also by putting me in the same pod and cell will [sic] people who are killers and robbers . . .
>
> Which violate my rights as a human being.

Plaintiff does not indicate what relief he seeks.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Medical Claim

Plaintiff first alleges that his rights have been violated because he is being denied medication which was previously prescribed to him.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). Such a claim "has two components, one objective and one subjective." *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). To satisfy the objective component, "'the inmate [must] show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. at 834). "[T]he evidence need only show that 'the medical need at issue is sufficiently serious.'" *Blackmore*, 390 F.3d at 896 (quoting *Farmer*, 511 U.S. at 834). To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer

3

substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Comstock*, 273 F.3d at 702-03. The indifference must be substantial; that is, it must be an offense to evolving standards of decency. *Estelle*, 429 U.S. at 106.

Here, Plaintiff does not indicate what medication he is being denied or for what condition the medication was prescribed. Plaintiff's allegation is simply too vague to allow the Court to conclude that he is being placed at substantial risk of harm by the denial of this medication. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

**B. Work Claim**

Plaintiff also claims that his rights are being violated because he is not being allowed to work or earn "work-credit." However, a prisoner does not have a constitutional right to employment. *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *see also Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (same); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same). Likewise, "[a] Kentucky inmate possesses no inherent constitutional right . . . to accumulate good time credits." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation and internal quotation marks omitted). Thus, this claim is also subject to dismissal for failure to state a claim upon which relief may be granted.

**C. Safety Claim**

Finally, the Court turns to Plaintiff's allegation that he is being housed "in the same pod and cell will [sic] people who are killers and robbers."

The Court construes this allegation as an Eighth Amendment claim for deliberate indifference to safety. To succeed on such a claim, a plaintiff must show that he faces a

4

sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. at 834). "[W]hile a prisoner does not need to demonstrate that he has been the victim of an actual attack to bring a personal safety claim, he must establish that he reasonably feared such an attack." *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994) (citing *Marsh v. Arn*, 937 F.2d 1056, 1062 n. 5 (6th Cir.1991)).

The Court finds that Plaintiff's allegations do not meet this standard. Plaintiff has failed to establish that he reasonably fears for his safety because he has not alleged that there was any prior physical violence committed at the jail by the inmates he supposedly fears. *See Wilson v. Seiter*, 893 F.2d 861, 865 (6th Cir.1990) ("The absence of allegations of prior physical violence involving any inmate supporting appellants' claims leads us to conclude that their fear is not reasonable."), *vacated on other grounds*, 501 U.S. 294 (1991). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: June 5, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.011

5